UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VENESSA CHRISTENSEN, | Case No. 2:20-cv-01947-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| ANDREW SAUL, | |
| Defendant. | |

Presently before the Court is plaintiff Venessa Christensen's application to proceed *in forma pauperis* (ECF No. 1), filed on October 20, 2020. For the reasons discussed below, the Court grants Plaintiff's application to proceed *in forma pauperis* is granted but recommends her complaint be dismissed without prejudice and with leave to amend.

**I.**     ***In Forma Pauperis* Application**

Parties instituting any civil action, suit, or proceeding in a district court of the United States must pay a filing fee. *See* 28 U.S.C. § 1914(a). However, an action may proceed despite a plaintiff's failure to prepay the entire fee if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999).

Ms. Christensen submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 1. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted. The Court will next screen Plaintiff's complaint. ECF No. 1-1.

## II.     Screening the Complaint

### A.  Standard of Review

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).[1] In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Dismissal for failure to state a claim under Section 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive Section 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear that the complaint's deficiencies could not be cured through amendment, a plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

---

[1] Although Section 1915 largely concerns prisoner litigation, Section 1915(e) applies to all *in forma pauperis* proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]").

1   If a plaintiff's complaint challenges a decision by the Social Security Administration, before filing a lawsuit, the plaintiff must exhaust administrative remedies. *See* 42 U.S.C. § 405(g); *see also Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curiam) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, the claimant may request reconsideration of the decision. If the claim is denied at the reconsideration level, a claimant may request a hearing before an administrative law judge. If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request judicial review. *See generally* 20 C.F.R. §§ 404, 416.

Once a plaintiff has exhausted administrative remedies, she may obtain judicial review of a SSA decision denying benefits by filing suit within 60 days after notice of a final decision. *Id.* An action for judicial review of a determination by the SSA must be brought "in the district court of the United States for the judicial district in which the plaintiff resides." *Id.* The complaint should state the nature of plaintiff's disability, when plaintiff claims she became disabled, and when and how she exhausted her administrative remedies. The complaint should also contain a plain, short, and concise statement identifying the nature of plaintiff's disagreement with the determination made by the SSA and show that plaintiff is entitled to relief.

A district court can affirm, modify, reverse, or remand a decision if plaintiff has exhausted her administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (b) whether the correct legal standards were applied. *Morgan v. Commissioner of the Social Security Adm.*, 169 F.3d 595, 599 (9th Cir. 1999).

**B. Analysis**

Here, Ms. Christensen alleges that the Social Security Commissioner denied Plaintiff's applications for disability insurance benefits and supplemental security income initially and upon

reconsideration. ECF No. 1-1 at 2. At the same time, Plaintiff asserts that she is moving under Title II of the Social Security Act, which governs disability insurance benefits but not supplemental security income. *Id*. Title XVI of the Act governs supplemental security income.[2] Given the discrepancy within the complaint, it is unclear to the Court whether Plaintiff erred by only referencing Title II or by alleging that the Commissioner denied Plaintiff's supplemental security income application. Although the regulations governing disability determinations are substantially the same for both disability insurance benefits and supplemental security income, each program is governed by a separate set of regulations. *Compare* 20 C.F.R. §§ 404.1501–1599 (governing disability determinations under Title II) *with* 20 C.F.R. §§ 416.901–999d (governing disability determinations under Title XVI). As such, the Court will order Plaintiff to make clear whether she is moving under both Titles II and XVI of the Act if she chooses to file an amended complaint.

Plaintiff further alleges that on August 24, 2020, the Appeals Council denied Plaintiff's request to review the Administrative Law Judge's (ALJ) decision, and, at that time, the ALJ's decision became the Commissioner's final decision. ECF No. 1-1 at 2. Plaintiff filed this action on October 20, 2020, which is within the allowable period. Thus, it appears that Ms. Christensen has exhausted the administrative remedies and timely commenced this action.

The complaint further indicates that Plaintiff resides within the District of Nevada as well as the nature of her disability. *Id*. at 1, 3. But it does not include the onset date of Plaintiff's alleged disability. District courts in the Ninth Circuit require a plaintiff who proceeds *in forma pauperis* on social security appeals to include the onset date of her alleged disability in the complaint. *See, e.g., Montoya v. Colvin*, No. 216CV00454RFBNJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016). The Court believes that this is a best practice and notes that it has previously advised Plaintiff's counsel to include such information in future complaints. *See Butler v. Saul*, 2020 U.S. Dist. LEXIS 144845, *4 and *Carr v. Saul*, 2020 U.S. Dist. LEXIS 113203, *4. The

---

[2] Title II of the Social Security Act provides benefits to disabled individuals who are insured by virtue of working and paying Federal Insurance Contributions Act (FICA) taxes for a certain amount of time. Title XVI of the Social Security Act is a needs-based program funded by general tax revenues designed to help disabled individuals who have low or no income.

1  Court will therefore order Plaintiff to identify the onset date of her alleged disability if she
2  chooses to file an amended complaint.

3   Finally, the complaint fails to state a claim upon which relief may be granted because it
4  does not give Defendant fair notice of the claims against it. Although Plaintiff alleges that "[t]he
5  ALJ's decision lacks the support of substantial evidence because he failed to sustain the
6  Commissioner's burden at step five of the sequential evaluation[,]" she does not specify any facts
7  regarding how the ALJ erred. *Id*. at 3. Although Plaintiff is not required to plead detailed factual
8  allegations, she is required to plead more than mere labels and conclusions. *Twombly*, 550 U.S. at
9  555. Here, Plaintiff's allegation is conclusory and fails to provide sufficient notice regarding how
10 the ALJ allegedly failed to meet his burden at step five of the sequential evaluation. There are
11 many potential errors the ALJ could have made (ranging, for example, from the ALJ providing
12 the vocational expert with an incomplete hypothetical to the ALJ finding that a plaintiff can
13 perform work that does not exist in "significant numbers" in the national economy). *See Nguyen*
14 *v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir.
15 2012). But Plaintiff's complaint does not provide any facts regarding how the ALJ allegedly erred
16 at step five. As such, if Plaintiff chooses to file an amended complaint, she must specify what
17 error(s) the ALJ allegedly committed.

18  Accordingly, because Plaintiff failed to state a claim upon which relief can be granted, the
19 Court will order that Plaintiff's complaint be dismissed without prejudice and with leave to file an
20 amended complaint.

21  1. IT IS THEREFORE ORDERED that Plaintiff Venessa Christensen's
22 request to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to
23 pay the filing fee of $400.00.

24  2. IT IS FURTHER ORDERED that Plaintiff is permitted to maintain this
25 action to conclusion without the necessity of prepayment of any additional fees or costs or giving
26 security for them. This Order granting leave to proceed *in forma pauperis* does not extend to the
27 issuance of subpoenas at government expense.

28  3. IT IS FURTHER ORDERED that the Clerk of Court shall file Plaintiff's

1  Complaint (ECF No. 1-1).

2      4.    IT IS FURTHER ORDERED that the Complaint (ECF No. 1-1) is
3  DISMISSED without prejudice and with leave to amend.

4      5.    IT IS FURTHER ORDERED that if Plaintiff wishes to file an amended
5  complaint, she must do so by November 30, 2020. If she chooses to file an amended complaint,
6  she must write the words "First Amended Complaint" in the caption. The amended complaint will
7  be screened in a separate Screening Order. Additionally, the amended complaint must be a
8  complete document in and of itself and will supersede the original complaint (ECF No. 1-1) in its
9  entirety. Any allegations, parties, or requests for relief from prior papers that are not carried
10 forward in the amended complaint will no longer be before the Court. If Plaintiff moves forward
11 with her request to have the Court review the SSA's disability determination, she must correct the
12 defects identified in this Order, including identifying which law she is moving under, the onset
13 date of Plaintiff's alleged disability, and a claim upon which relief may be granted. Additionally,
14 the amended complaint should include the summons to serve the Commissioner of the Social
15 Security Administration.

17     DATED: October 30, 2020

                              BRENDA WEKSLER
                              UNITED STATES MAGISTRATE JUDGE