UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VENESSA CHRISTENSEN, | Case No. 2:20-cv-01947-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| ANDREW SAUL, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

Plaintiff Venessa Christensen seeks judicial review of an administrative decision denying her application for Social Security benefits. The Court previously granted Plaintiff's application to proceed *in forma pauperis* but dismissed the complaint with leave to amend. ECF No. 4. On November 9, 2020, Plaintiff timely filed a First Amended Complaint (ECF No. 6), which is now before the Court for screening. For the reasons discussed below, the Court will allow Ms. Christensen to proceed with this case.

**I.     Screening the Complaint**

**A.  Standard of Review**

Complaints filed by any plaintiff proceeding *in forma pauperis* are subject to a mandatory screening by the court. 28 U.S.C. § 1915(e)(2);[1] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In screening the complaint, a court must identify cognizable claims and dismiss claims that

---

[1] Although § 1915 largely concerns prisoner litigation, § 1915(e) applies to all *in forma pauperis* proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]").

are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear that the complaint's deficiencies could not be cured through amendment, a plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In the context of Social Security appeals, if a plaintiff's complaint challenges a decision by the Social Security Administration, the plaintiff must exhaust administrative remedies before filing a lawsuit. *See* 42 U.S.C. § 405(g); *see also Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curiam) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, the claimant may request reconsideration of the decision. If the claim is denied at the reconsideration level, a claimant may request a hearing before an administrative law judge. If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request judicial review. *See generally* 20 C.F.R. §§ 404, 416.

Once a plaintiff has exhausted administrative remedies, she may obtain judicial review of a SSA decision denying benefits by filing suit within 60 days after notice of a final decision. *Id.*

An action for judicial review of a determination by the SSA must be brought "in the district court of the United States for the judicial district in which the plaintiff resides." *Id.* The complaint should state the nature of plaintiff's disability, when plaintiff claims she became disabled, and when and how she exhausted her administrative remedies. The complaint should also contain a plain, short, and concise statement identifying the nature of plaintiff's disagreement with the determination made by the SSA and show that plaintiff is entitled to relief.

A district court can affirm, modify, reverse, or remand a decision if plaintiff has exhausted her administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (b) whether the correct legal standards were applied. *Morgan v. Commissioner of the Social Security Adm.*, 169 F.3d 595, 599 (9th Cir. 1999).

**B. Analysis**

Here, Ms. Christensen alleges in her amended complaint that Plaintiff's application for disability insurance benefits was denied initially, upon reconsideration, and by the Administrative Law Judge ("ALJ") following a hearing. ECF No. 6 at 2. Plaintiff further alleges that on August 24, 2020, the Appeals Council denied the request for review, and, at that time, the ALJ's decision became the Commissioner's final decision. *Id*. Plaintiff originally filed this action on October 20, 2020, which is within the allowable period. ECF No. 1-1. Thus, it appears that Ms. Christensen has exhausted the administrative remedies and timely commenced this action.

Additionally, the amended complaint indicates the nature of Ms. Christensen's disability and its alleged onset date. ECF No. 6 at 2–3. It also indicates that Plaintiff resides within the District of Nevada. *Id*. at 1.

Finally, the amended complaint includes sufficient facts to state a claim for relief, alleging that the ALJ "failed to resolve the apparent conflict" with the vocational expert's testimony "regarding [Plaintiff's] ability to perform the jobs identified and the numbers of jobs in the national economy" and those "government publications subject to administrative notice." *Id*. at 3.

Accordingly, Plaintiff appears to state a cognizable claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that:

    1.    The Clerk of Court must serve the Commissioner of the Social Security Administration by sending a copy of the summons and First Amended Complaint (ECF No. 6) by certified mail to: (1) Office of the Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St., Suite 800, San Francisco, California 94105-1545; and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

    2.    The Clerk of Court must issue summons to the United States Attorney for the District of Nevada and deliver the summons and First Amended Complaint (ECF No. 6) to the U.S. Marshal for service.

    3.    From this point forward, Plaintiff must serve on Defendant or, if appearance has been entered by an attorney, on the attorney, a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiff must include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was personally served or sent by mail to Defendant or counsel for Defendant. The Court may disregard any paper received by a district judge or magistrate judge that has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk that fails to include a certificate of service.

DATED: January 6, 2021.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE