UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Venessa Christensen,<br><br>             Plaintiff,<br><br>  v.<br><br>Kilolo Kijakazi,<br><br>             Defendant. | Case No. 2:20-cv-01947-BNW<br><br>**ORDER re ECF Nos. 23 & 24** |

This case involves review of an administrative action by the Commissioner of Social Security denying Plaintiff[1] Venessa Christensen's application for disability benefits under Title II of the Social Security Act. The Court reviewed Plaintiff's motion for reversal or remand (ECF No. 23), filed July 8, 2021; the Commissioner's response and cross-motion to affirm (ECF Nos. 24, 25), filed August 4, 2021; and Plaintiff's reply (ECF No. 31), filed September 7, 2021.

On October 20, 2020, the parties consented to the case being heard by a magistrate judge in accordance with 28 U.S.C. § 636(c), and this matter was assigned to the undersigned magistrate judge for an order under 28 U.S.C. § 636(c). ECF No. 3.

For the reasons stated below, the Court affirms the Commissioner's final decision.

**I.    Background**

    **1.    Procedural History**

On August 19, 2016, Plaintiff applied for disability insurance benefits under Title II of the Act, alleging an onset date of January 15, 2016. ECF No. 21-1[2] at 284–87. Plaintiff's claim was denied initially and on reconsideration. *Id*. at 163–68; 170–76. A hearing was held before Administrative Law Judge Craig Denney on August 12, 2019. *Id*. at 92–113. On September 30,

---

[1] The Court will use claimant and plaintiff throughout this Order. The terms are interchangeable for the purposes of this Order.
[2] ECF No. 21 refers to the Administrative Record in this matter which, due to COVID-19, was electronically filed. (Notice of Electronic Filing (ECF No. 21)). All citations to the Administrative Record will use the CM/ECF page numbers.

2019, the ALJ issued a decision finding Plaintiff not disabled. *Id*. at 43–55. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review on August 24, 2020. *Id*. at 8–14. On October 20, 2020, Plaintiff commenced this action for judicial review under 42 U.S.C. § 405(g). *See* IFP App. (ECF No. 1).

**II.  Discussion**

    **1.  Standard of Review**

Administrative decisions in Social Security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See id*.; *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are not supported by substantial evidence or if they are based on legal error. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion but whether the final decision is supported by substantial evidence. As a result, it is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

**2.    Disability Evaluation Process and the ALJ Decision**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). More so, the individual must also provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)–(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[3] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

But before moving to step four, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations

---

[3] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are "entitled to 'some deference' as long as they are consistent with the Social Security Act and regulations." *Bray*, 554 F.3d at 1224 (citations omitted) (finding that the ALJ erred in disregarding SSR 82-41).

from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years. In addition, the work must have lasted long enough for the individual to learn the job and performed a SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she can do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence demonstrating that other work exists in significant numbers in the economy that the individual can do. *Yuckert*, 482 U.S. at 141–42.

Here, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. ECF No. 12-1 at 48–54.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of January 15, 2016. *Id.* at 48.

At step two, the ALJ found that Plaintiff had the following medically determinable "severe" impairments: lumbar degenerative disc disease, spondylosis and disc bulge in the lumbar spine, radiculopathy in the right leg, right clavicle fracture, deep vein thrombosis and blood clots, obesity, anxiety, and depression. *Id*.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. at 49–50.

Before moving to step four, the ALJ found that Plaintiff had the RFC to perform light work with the following exceptions: She can stand and walk six hours in an eight-hour workday; she can sit six hours in an eight-hour workday; she can climb ramps and stairs occasionally; she can crouch or crawl occasionally; she can balance, stoop, and kneel frequently; she can never climb ladders, ropes, or scaffolds; she can occasionally reach above her head and shoulder level with the right arm; she must avoid concentrated exposure to moving mechanical parts and unprotected heights; she can understand, remember, and carry out simple, repetitive tasks and instructions (at SVP level 2) but not complex tasks and instructions; and she can occasionally interact with supervisors, coworkers, and the general public. *Id*. at 50.

At step four, the ALJ found that Plaintiff cannot perform past relevant work as a janitor. *Id*. at 53–54.

At step five, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including Checker I, Shipping and Receiving Clerk, and Mail Clerk. *Id*. at 54–55. Consequently, the ALJ concluded that Plaintiff does not suffer from a disability as defined by the Social Security Act. *Id.* at 55.

**3.     Analysis**

**A.     The ALJ's step-five finding**

At step five, the ALJ found that Plaintiff could work as a checker I, mail clerk, and shipping and receiving clerk. ECF No. 21-1 at 54–55.

Plaintiff argues that substantial evidence does not support the ALJ's step-five findings. ECF No. 23 at 9. This is because the ALJ allegedly erred by improperly relying on the vocational

expert who identified jobs that exceeded Plaintiff's RFC, namely her limitation of being able to occasionally interact with supervisors, coworkers, and the general public. *Id*. According to Plaintiff, the jobs the VE identified and the ALJ adopted require more than the occasional interaction with supervisors, coworkers, and the general public according to O*NET data. *Id*. As a result, she submits that the ALJ should have taken administrative notice of the O*NET data and reconciled this information with that provided by the VE. *Id*. at 10.

The Commissioner counters that Plaintiff has waived this argument by raising it only before the Appeals Council and not before the ALJ. ECF No. 24 at 7–10. But even assuming that she did not forfeit the argument, the Commissioner argues that the ALJ was not required to consider the O*NET data and *sua sponte* resolve any conflicts between this data and the VE's testimony. *Id*. at 11.

Plaintiff replies that the ALJ's job findings conflict with the *Dictionary of Occupational Titles* and common-sense understandings of how the identified jobs are performed. ECF No. 31 at 4–5.

### i. Whether Plaintiff forfeited her argument

As a threshold matter, the Court first must determine whether Plaintiff waived this argument. In *Shaibi v. Berryhill*, the Ninth Circuit held that "a claimant must, at a minimum, raise the issue of the accuracy of the expert's estimates at *some point during the administrative proceedings* to preserve the challenge on appeal in federal district court." 883 F.3d 1102, 1103 (9th Cir. 2017) (emphasis added).[4] As the appellate court repeatedly emphasized, the plaintiff in *Shaibi* did not challenge the accuracy of the vocational expert's findings before *either* the ALJ *or* the Appeals Council. *Id*. at 1108–10. Rather, the plaintiff in *Shaibi* raised this argument for the *first* time on appeal in federal district court. *Id*.

The facts from *Shaibi* are different from those present in this case. Here, Plaintiff challenged the VE's findings and the ALJ's adoption of these findings before the Appeals Council and thus raised the issue "at some point during the administrative proceedings." *See* ECF

---

[4] Notably, the *Shaibi* court used the more expansive language of "administrative proceedings" rather than the more limiting language of requiring a claimant to raise an issue before only the ALJ to avoid forfeiture.

1  No. 21-1 at 398–402. The Court further notes that Plaintiff's brief to the Appeals Council

2  addressed the arguments Plaintiff now raises, *compare id*. *with* ECF No. 23 at 9–12, and that the

3  Appeals Council considered the issue and Plaintiff's new evidence in denying review of the

4  ALJ's decision. ECF No. 21-1 at 8, 14.

5        Finally, the Court understands that persuasive authority exists to support the proposition

6  that a represented plaintiff who fails to challenge the VE's job testimony *before the ALJ* has

7  forfeited this argument. *See, e.g., Mitchell v. Saul*, No. 2:20-CV-01936-EJY, 2021 WL 3032667,

8  at *11 (D. Nev. July 16, 2021). These persuasive opinions are not binding on the Court. But what

9  is binding on the Court is the Ninth Circuit's published decision in *Shaibi*. As already noted, the

10  Ninth Circuit held in *Shaibi* that a plaintiff waives her argument contesting step-five job findings

11  if she does not raise it at "some point" in the administrative proceedings. *Shaibi*, 883 F.3d at

12  1103. Given that the Appeals Council review process constitutes an administrative proceeding,

13  raising this argument for the first time before the Appeals Council (as Plaintiff in this case did)

14  preserves the challenge on appeal in federal district court. *Id*. As Plaintiff concedes, it would be

15  better practice to raise these issues before the ALJ by, for example, asking for post-hearing

16  briefing. But this is not what *Shaibi* requires. *Shaibi*, 883 F.3d at 1109 ("We now hold that when

17  a claimant fails entirely to challenge a vocational expert's job numbers *during administrative*

18  *proceedings before the agency*, the claimant forfeits such a challenge on appeal, at least when that

19  claimant is represented by counsel.") (emphasis added).

20        Accordingly, the Court finds that Plaintiff preserved the issue on appeal by having

21  presented it to the Appeals Council. *See id.*; *see also Gonzalez v. Saul*, 833 F. App'x 464, 465

22  (9th Cir. 2021) (citing *Shaibi*, 883 F.3d at 1109) ("Failure to raise the claim before either the ALJ

23  *or* the Appeals Council results in forfeiture of the argument.") (emphasis added).[5]

---

[5] There are several other district court decisions in the Ninth Circuit that support the undersigned's finding that a plaintiff does not waive or forfeit the issue if she—at minimum—first presented it to the Appeals Council. *See, e.g., Jose Alfredo G. v. Saul*, No. 3:19-CV-00852-RBM, 2019 WL 6652086, at *3 (S.D. Cal. Dec. 5, 2019) (finding that the plaintiff preserved the issue regarding the reliability of the VE's job numbers by raising it only before the Appeals Council; *Albritten v. Berryhill*, No. CV 17-0925-JPR, 2018 WL 3032860, at *3 (C.D. Cal. June 14, 2018) (citing *Lamear v. Berryhill*, 865 F.3d 1201, 1206 (9th Cir. 2017)) ("Issues raised to the Appeals Council but not to the ALJ are not forfeited."); *Ross v. Comm'r Soc. Sec. Admin.*, No. 6:16-cv-00903-AA, 2018 WL 263639, at *2 (D. Or. Jan 2, 2018) ("*Lamear* stands for the proposition that the failure to raise an issue at the hearing can be remedied

### ii. Whether substantial evidence supports the ALJ's step-five findings

At step five, the burden shifts to the Commissioner to show that the claimant retains the ability to perform other gainful activity. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can perform given her age, education, work experience, and RFC.

ALJs routinely rely on a vocational expert's testimony and the *Dictionary of Occupational Titles* "in evaluating whether the claimant is able to perform other work in the national economy." *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted).

A VE's testimony constitutes substantial evidence in support of an ALJ's findings. *Thomas*, 278 F.3d at 960. But the court may remand a case where the VE's testimony is "fundamentally flawed" or "unreasonable." *Dunn v. Colvin*, No. 13cv1219-MMA, 2014 WL 2159275, at *9 (S.D. Cal. May 23, 2014) (citation omitted); *Cymande S. v. Berryhill*, No. CV 18-1448 FFM, 2019 WL 4148351, at *2 (C.D. Cal. May 16, 2019) (citing *Farias v. Colvin*, 519 Fed. App'x 439, 440 (9th Cir. 2013) ("No 'reasonable mind' could accept the employment numbers proffered by the VE . . . . ").

The DOT is the rebuttable presumptive authority on job classifications. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). An ALJ may not rely on a VE's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT, and if so, the reasons why. *Massachi v. Astrue*, 486 F.3d 1149, 1152–53 (citing Social Security Ruling ("SSR") 00-4p). But failure to inquire can be deemed harmless error where there is no apparent conflict or where the VE provides sufficient support to justify deviation from the DOT. *Id.* at 1154 n.19.

Here, the ALJ posed to VE Alina Sala a hypothetical with limitations matching Plaintiff's. ECF No. 21-1 at 112. The VE testified that Plaintiff could not perform past relevant work as a

---

by raising it to the Appeals Council."). The Court further notes that the *Meanel* holding to which the Commissioner cites as authority to argue that Plaintiff forfeited her argument by not raising it before the ALJ also provides that forfeiture or waiver will be excused "when necessary to avoid a manifest injustice." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). The Court finds that holding that Plaintiff waived her argument on an alleged technicality (i.e., by only presenting it to the Appeals Council) would amount to a manifest injustice.

janitor but could perform three jobs that exist in significant numbers in the national economy: checker I, shipping and receiving clerk, and mail clerk. *Id*. The ALJ asked the VE whether her testimony conflicted with the DOT. *Id*. The VE testified that "there's no conflict" and added that she "supplemented [her] testimony based on over 30 years of experience, training and education specifically" to Plaintiff's ability to have occasional contact with coworkers and supervisors. *Id*.

Contrary to the VE's testimony, there is an apparent conflict supported by the DOT that Plaintiff cannot perform *one* of the three jobs the VE testified that she could perform (i.e., mail clerk). *See Jose Alfredo G. v. Saul*, No. 3:19-CV-00852-RBM, 2019 WL 6652086, at *4 (S.D. Cal. Dec. 5, 2019) ("When there is an apparent conflict between the VE's testimony and the DOT, the ALJ is required to reconcile the inconsistency."). Specifically, there is an apparent conflict between the ALJ's finding that Plaintiff can only occasionally interact with supervisors, coworkers, and the general public and the DOT's description explaining that a mail clerk may distribute and collect mail, which likely requires interacting with others.

Although the ALJ should have resolved this apparent conflict for the mail clerk position, his failure to do so constitutes harmless error. This is because there is substantial evidence to support the ALJ's adoption of the VE's testimony that Plaintiff could perform the jobs of checker I and shipping and receiving clerk, which exist in significant numbers in the national economy (combining for 118,000 jobs). *See Shari B. v. Comm'r of Soc. Sec.*, 2020 U.S. Dist. LEXIS 130652, *8–9, 2020 WL 4200969 (citation omitted); *see also* 20 C.F.R. § 404.1566 ("Work exists in the national economy when there is a significant number of jobs (*in one or more occupations*) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications.") (emphasis added).

Moreover, even though the ALJ's hypothetical was not apparently consistent with the mail clerk position, the Court does not find the VE's testimony fundamentally flawed or unreasonable. Although she presumably erred with respect to identifying the mail clerk position as a suitable position for Plaintiff, she identified two other jobs that Plaintiff can perform and, as already noted, these other two jobs exist in significant numbers.

In short, the ALJ must "investigate and resolve any apparent conflict between the VE's testimony and the DOT, regardless of whether a claimant raises the conflict before the agency." *Shaibi*, 883n F.3d at 1109. Although there was an apparent conflict with respect to the mail clerk position, the ALJ's failure to resolve this conflict is harmless because substantial evidence supports the other two jobs that the VE testified and the ALJ found Plaintiff could perform. Finally, the Court does not need to reach the issue of the O*NET data because it does not find the VE's testimony about Plaintiff's ability to work as a checker I and shipping and receiving clerk implausible, as these positions do not, according to DOT descriptions and common sense, require interacting with others.

Accordingly, the Court finds that substantial evidence supports the ALJ's step-five job finding.

### III. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff Venessa Christensen's motion to remand (ECF No. 23) is DENIED.

**IT IS FURTHER ORDERED** that the Commissioner's cross-motion to affirm (ECF Nos. 24, 25) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of Court must enter judgment in favor of Defendant Commissioner of Social Security and against Plaintiff Venessa Christensen.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to close this case.

DATED: September 27, 2022.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE